

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 30, 2012

The Honorable Dennis Bonnen
Chair, Select Committee on Voter
    Identification and Voter Fraud
Texas House of Representatives
Post Office Box 2910
Austin, Texas   78768-2910

Opinion No. GA-0945

Re: Whether the Angleton-Danbury Hospital District is authorized to sell a hospital facility to a third party and lease it back to fulfill its responsibility to provide hospital care for the District's needy residents (RQ-1033-GA)

Dear Representative Bonnen:

You ask whether the Angleton-Danbury Hospital District (the "District") is authorized to sell a hospital facility to a third party and then lease the facility back from the purchaser to fulfill its responsibility to provide hospital care for the District's needy residents.[1]

The District was created and established under article IX, section 9 of the Texas Constitution and special enabling legislation that is now codified in chapter 1002 of the Special District Local Laws Code. TEX. CONST. art. IX, § 9; TEX. SPEC. DIST. CODE ANN. §§ 1002.001–.352 (West 2011). The District was created to "assume full responsibility for providing medical and hospital care for its needy inhabitants." TEX. CONST. art. IX, § 9; *see also* TEX. SPEC. DIST. CODE ANN. § 1002.002 (West 2011). The District's board of directors ("Board") "has all powers necessary, convenient, or incidental to carry out the purposes for which the district was created." TEX. SPEC. DIST. CODE ANN. § 1002.103(a) (West 2011). The Board's powers include

> the power to negotiate and contract with any person to . . . lease land, . . . to operate and maintain a hospital or hospitals, and to negotiate and contract with other political subdivisions of the state or private individuals, associations, or corporations for those purposes, all as may be determined to be necessary or desirable for the district by the board.

*Id.* § 1002.103(b). The governing body of a hospital district such as the Board is also authorized to "order the sale [or] lease . . . of all or part of a hospital owned and operated by the hospital district,

---

[1]*See* Letter from Hon. Dennis Bonnen, Chair, House Comm. on Voter Identification & Voter Fraud, to Hon. Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 7, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

including real property," provided that the Board does so by resolution that includes "a finding by the governing body that the sale [or] lease . . . is in the best interest of the residents of the hospital district." TEX. HEALTH & SAFETY CODE ANN. § 285.051(a) (West 2010); *see also* Tex. Att'y Gen. Op. No. JC-0220 (2000) at 4 (concluding that section 285.051(a) of the Health and Safety Code authorizes an article IX, section 9 hospital district to sell, lease, or close a hospital owned by the district).

No single statute specifically addresses the District's authority to both sell and lease back a hospital facility. Nevertheless, the District has specific statutory authority to sell a hospital. TEX. HEALTH & SAFETY CODE ANN. § 285.051(a) (West 2010). The District also has specific authority to lease land and broad authority to negotiate and contract with third parties when doing so is necessary, convenient, or incidental to fulfill the District's constitutional responsibility. TEX. SPEC. DIST. CODE ANN. § 1002.103(b) (West 2011). Accordingly, we conclude that the District is authorized to sell a hospital facility to a third party and lease it back, provided that when it does so, the Board adopts a resolution finding the transaction to be in the best interest of the District's residents, and the transaction is consistent with the District's constitutional and statutory responsibilities.[2] TEX. CONST. art. IX, § 9; TEX. HEALTH & SAFETY CODE ANN. § 285.051(a)–(b) (West 2010). *See also* TEX. HEALTH & SAFETY CODE ANN. § 61.055(a), (c) (West 2010) (Indigent Health Care and Treatment Act, requiring a hospital district to provide specified basic health care services together with services required by the constitution and the statutes creating the district); Tex. Att'y Gen. Op. No. JM-864 (1988) at 6 (determining that the sale of a hospital has no effect on a hospital district's duties under the constitution, statutes creating the district, and the Indigent Health Care and Treatment Act).

---

[2]You do not provide us with details about the specific sale–leaseback arrangement in question, and we express no opinion as to whether any particular arrangement is in the best interest of the District's residents. Pursuant to statute, the District must make that determination. TEX. HEALTH & SAFETY CODE ANN. § 285.051(a) (West 2010).

## S U M M A R Y

The Angleton-Danbury Hospital District is authorized to sell a hospital facility to a third party and lease it back, provided its Board does so by resolution finding the transaction is in the best interest of the District's residents, and the transaction is consistent with the District's constitutional and statutory responsibilities.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee